IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
(CEDAR RAPIDS DIVISION)

| | |
|---|---|
| GREGORY HEIMS,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>Defendant. | CASE NO. 1:21-cv-00121<br><br>**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND** |

COMES NOW, Defendant State Farm Fire and Casualty Company, by and through the undersigned counsel, and submits its Answer, Affirmative Defenses, and Jury Demand.

1.   This is an action seeking relief as a result of a dispute between the parties over a homeowners insurance claim which arose out of a loss occurring on or about August 10, 2020.

**ANSWER: It is admitted that Defendant issued Plaintiff a rental dwelling policy bearing the policy number 95-CP-6148-7 and that the Property was damaged as a result of an August 10, 2020 weather event. The remainder of the allegations contained in paragraph 1 are denied.**

2.   Plaintiff at all times material hereto is a resident of Linn County, Iowa.

**ANSWER: Admitted.**

3.   Defendant, State Farm Fire and Casualty Company ("State Farm") is, and at all material times hereto was, an insurance company doing business in the State of Iowa.

**ANSWER: Admitted.**

4.   Defendant issued a homeowners insurance policy to Plaintiff ("the Policy").

**ANSWER: Denied. State Farm issued Plaintiff a rental dwelling policy.**

1

5. The Policy bears policy number 95-CP-6148-7.

**ANSWER: Admitted that the rental dwelling policy bears policy number 95-CP-6148-7.**

6. Defendant delivered the Policy to Plaintiff in Linn County, Iowa.

**ANSWER: Admitted as to the rental dwelling policy bearing the policy number 95-CP-6148-7.**

7. The Plaintiff owns real property commonly known as **970 26th Street, Marion. IA 52302** ("the Property").

**ANSWER: Admitted.**

8. The Property is located in Linn County, Iowa.

**ANSWER: Admitted.**

9. The Policy covered the Property.

**ANSWER: Admitted as to the rental dwelling policy bearing the policy number 95-CP-6148-7.**

10. Defendant collected the appropriate premium required under the Policy.

**ANSWER: Admitted as to the rental dwelling policy bearing the policy number 95-CP-6148-7.**

11. Wind and/or rain are covered perils under the Policy.

**ANSWER: The language of the rental dwelling policy speaks for itself. To the extent not admitted, paragraph 11 is denied.**

12. Plaintiff, in the wake of the derecho that hit the area and damaged Plaintiff's home on August 10, 2020, timely made a claim with Defendant pursuant to their above-referenced policy.

**ANSWER: Admitted.**

13. Plaintiff's claim was assigned claim number 15-10B8-40F.

**ANSWER: Admitted.**

14. Defendant has intentionally and/or unreasonably failed to pay for all reasonable and necessary repairs to the Property caused by the covered peril(s) as required by the Policy.

**ANSWER: Denied.**

15. The Plaintiff has been damaged by Defendant's conduct.

**ANSWER: Denied.**

16. Plaintiff's damages exceed the jurisdictional amount in Iowa Code § 631.1.

**ANSWER: This allegation asserts a jurisdictional issue to be addressed by the Court. To the extent any factual assertions are made, they are denied.**

## COUNT I – BREACH OF CONTRACT

17. Plaintiff repleads all preceding paragraphs as if fully set forth herein.

**ANSWER: Defendant repleads paragraphs 1 – 17 as if fully set forth herein.**

18. The Policy constituted a valid contract between the parties.

**ANSWER: Admitted as to the rental dwelling policy bearing the policy number 95-CP-6148-7.**

19. Plaintiff were insured by Defendant, via the Policy, for their losses caused by the derecho (wind and rain) that occurred on August 10, 2020.

**ANSWER: Admitted that Defendant issued Plaintiff a rental dwelling policy bearing the policy number 95-CP-6148-7. The language of the rental dwelling policy speaks for itself. To the extent not admitted, paragraph 19 is denied.**

20. Plaintiff performed all requirements of the Policy and/or was excused from performing any obligations that would otherwise be considered a breach.

**ANSWER: Denied for lack of knowledge.**

21. Defendant is in breach of the contract it entered into with Plaintiff.

**ANSWER: Denied.**

22. Plaintiff sustained damages as a result of Defendant's breach of the contract.

**ANSWER: Denied.**

WHEREFORE, State Farm Fire and Casualty Company, prays Plaintiff's Petition be dismissed with costs assessed against Plaintiff.

## COUNT II – UNJUST ENRICHMENT

23. Plaintiff repleads all preceding paragraphs as if fully set forth herein.

**ANSWER: Defendant repleads paragraphs 1 – 22 as if fully set forth herein.**

24. Defendant has been unjustly enriched by its refusal to pay Plaintiffs damages.

**ANSWER: Denied.**

25. Defendant should be ordered to pay restitution in the amount of Plaintiffs damages.

**ANSWER: Denied.**

WHEREFORE, State Farm Fire and Casualty Company, prays Plaintiff's Petition be dismissed with costs assessed against Plaintiff.

## COUNT III – BAD FAITH

26. Plaintiff repleads all preceding paragraphs as if fully set forth herein.

**ANSWER: Defendant repleads paragraphs 1 – 25 as if fully set forth herein.**

27. Plaintiffs claim was not reasonably debatable.

**ANSWER: Denied.**

28. Defendant breached its duty to act in good faith toward Plaintiff by doing a combination of the following in not paying all or part of Plaintiffs claim:

   a. Defendant compelled the Plaintiff to litigate in order to recover amounts due under the Policy;

   b. Defendant failed to promptly provide a reasonable explanation of the basis for denial of a complaint or offer of settlement;

   c. Defendant failed to provide coverage in accordance with the Plaintiff's objectively reasonable expectations of what the Policy provides;

   d. Defendant failed to make a prompt, fair and equitable settlement of Plaintiffs claim when liability was reasonably clear;

   e. Defendant refused to pay all or part of Plaintiffs claim without conducting a reasonable investigation;

   f. Defendant failed to implement reasonable standards to conduct such investigation of Plaintiffs claim.

   **ANSWER: Paragraph 30 and each of its subparts is denied.**

29. Defendant acted in reckless disregard of Plaintiff's rights and/or in a stubbornly litigious manner.

   **ANSWER: Denied.**

30. Defendant acted maliciously and/or with a willful and wanton disregard for the Plaintiff's rights.

   **ANSWER: Denied.**

31. Plaintiff was damaged as a result of Defendant's breach of its duty of good faith.

   **ANSWER: Denied.**

32. Plaintiff has incurred attorney fees and other expenses as a result of Defendant's denial of portions of Plaintiffs claim.

   **ANSWER: Denied.**

33. Defendant's conduct constitutes an intentional tort.

**ANSWER: Denied.**

34. Plaintiff is entitled to compensation from Defendant for damages beyond the written terms of the Policy, including but not limited to: attorney fees, litigation expenses, consequential damages and punitive damages.

**ANSWER: Denied.**

WHEREFORE, State Farm Fire and Casualty Company, prays Plaintiff's Petition be dismissed with costs assessed against Plaintiff.

## AFFIRMATIVE DEFENSES

1. <u>Failure to State a Claim</u>. Plaintiff fails to state a claim giving rise to relief.

2. <u>Condition Precedent Not Satisfied</u>. Plaintiff has not satisfied a condition precedent within the policy and therefore cannot recover on the policy.

3. <u>Failure to Perform</u>. Plaintiff failed to perform a contractual obligation and is thus not entitled to recover from Defendant.

4. <u>Punitive Damages Not Recoverable</u>. Punitive damages are not recoverable in this action insofar as the awarding of such would be in violation of the Due Process Clause of the Iowa and the United States Constitutions.

5. <u>Policy Provisions</u>. Applicable policy exclusions and provisions may preclude coverage for the damages alleged in this case.

## JURY DEMAND

COMES NOW, Defendant State Farm Fire and Casualty Company, and hereby requests a trial by jury of all issues triable.

**Certificate of Service**   **GREFE & SIDNEY, P.L.C.**

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys listed as receiving notice on November 22, 2021, by CM/ECF.

*/s/ Abigail Akers*

Copy to:

Gregory T. Usher
Nazette, Marner, Nathanson & Shea LLP
614 2nd Street SW
Cedar Rapids, IA 52404
Phone: 319-366-1000
E-Mail: gusher@nazettelaw.com
ATTORNEY FOR PLAINTIFF

By: */s/ Guy R. Cook*
Guy R. Cook, AT0001623

By: */s/ Laura N. Martino*
Laura N. Martino, AT0005043

500 E. Court Ave., Ste. 200
Des Moines, IA 50309
Phone: 515/245-4300
Fax: 515/245-4452
gcook@grefesidney.com
lmartino@grefesidney.com

ATTORNEYS FOR DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY